EDA
FILED
FEBRUARY 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

08 C 1001

ROBERT GAVROS, individually and on behalf of the classes defined herein,

Plaintiff,

vs.

PALISADES COLLECTION, LLC,

Defendant.

JUDGE GOTTSCHALL
MAGISTRATE JUDGE COLE

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1. Plaintiff Robert Gavros brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Palisades Collection, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Specifically, plaintiff alleges that Palisades Collection, LLC engages in filing and threatening lawsuits on time-barred debts which it purchases for a few cents on the dollar.

**VENUE AND JURISDICTION**

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection communications and activities impacted plaintiff within this District;

b. Defendant does or transacts business within this District.

**PARTIES**

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Defendant Palisades Collection LLC is a limited liability company chartered under the law of New Jersey with its principal offices at 210 Sylvan Ave., Englewood Cliffs, NJ 07632. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. Defendant is a subsidiary of Asta Funding, a public company.

9. Palisades Collection, LLC regularly purchases and collects purported receivables consisting of amounts allegedly owed for the purchase or lease of goods.

10. All of the debts purchased by Palisades Collection, LLC are charged-off at the time they are purchased and were originally owed to other entities.

11. All of the debts purchased by Palisades Collection, LLC are purchased as part of substantial portfolios of similar debts.

12. Palisades Collection, LLC is named as a plaintiff in more than 3,000 collection lawsuits filed in the Illinois courts.

13. Palisades Collection, LLC is a debt collector as defined in the FDCPA.

14. Palisades Collection, LLC pays an average of less than 5 cents on the dollar for the debts it purchases.

15. According to the SEC filings of its public parent Asta Funding, during the six months ending March 31, 2007, it purchased $9.8 billion face value of debts for $386.7 million, or 3.9 cents on the dollar. During the five years ending Sept. 30, 2006, it purchased $5.194 billion face value of debts for $200.2 million, or 3.85 cents on the dollar.

16. Palisades Collection, LLC holds a collection agency license under

the Illinois Collection Agency Act.

17. The mails and telephones are used in connection with the collection of debts and prosecution of collection litigation by Palisades Collection, LLC.

**FACTS**

18. On or about June 18, 2007, Palisades Collection, LLC filed suit against plaintiff Robert Gavros in the Circuit Court of Cook County to collect a purported account described as being for "goods, wares and merchandise or services, for which a balance is due and owing". Palisades Collection LLC claimed that it acquired the account from "Dell," referring to the computer company.

19. A copy of the complaint and an "affidavit in support of plaintiff's claim" are in Exhibit A.

20. Any such debt would have been for personal, family or household purposes and not for business purposes.

21. While the complaint and affidavit did not contain any dates, any such debt would have gone into default more than four years prior to the filing of suit.

22. Mr. Gavros appeared and defended the case.

23. Palisades Collection, LLC nonsuited the case.

24. Mr. Gavros was damaged as a result.

25. The statute of limitations applicable to the collection of amounts owed for the sale or lease of goods is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code. Citizens National Bank of Decatur v. Farmer, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); Fallimento C.Op.M.A. v. Fischer Crane Co., 995 F.2d 789 (7th Cir. 1993); Associates Discount Corp. v. Palmer, 47 N.J. 183, 219 A.2d 858 (1966); Massey-Ferguson Credit Corp. v. Casaulong, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); Jack Heskett Lincoln-Mercury v. Metcalf, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); Worrel v. Farmers Bank of Delaware, 430 A.2d 469 (Del. 1981); Barnes v. Community Trust Bank, 121 S.W.3d 520 (Ky.

App. 2003); First of Am. Bank v. Thompson, 217 Mich. App. 581; 552 N.W.2d 516 (1996).

26. Section 2-725 of the UCC, applicable to the sale of goods, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

27. Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ." The Illinois citation is 810 ILCS 5/2A-506.

28. Hereinafter, the states of: Illinois, New Jersey, California, Delaware, Kentucky and Michigan are referred to as the "applicable jurisdictions."

29. "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." John O. Schofield, Inc. v. Nikkel, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." Klehm v. Grecian Chalet, Ltd., 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. Coryell v. Klehm, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

30. Defendant Palisades Collection, LLC regularly files and threatens to file suit on contracts for the sale or lease of goods.

31. Defendant Palisades Collection, LLC regularly files and threatens to file suit on contracts for the sale or lease of goods against persons in the applicable jurisdictions that have been in default for more than four years old at the time of the filing or threat.

32. Defendant Palisades Collection, LLC as a regular collector of such debts knew or should have known that the statute of limitations applicable to such debts is four years.

**COUNT I – FDCPA – FILING SUIT ON TIME-BARRED DEBTS**

33. Plaintiff incorporates paragraphs 1-32.

34. The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an

unfair collection practice, in violation of 15 U.S.C. §1692f.

35. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of–**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

36. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

37. Plaintiff brings this claim against the defendants on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) against whom defendants filed or caused to be filed lawsuits (c) to collect a debt involving the sale or lease of goods (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

38. The class is so numerous that joinder of all members is not practicable.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The

predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

**COUNT II – ILLINOIS COLLECTION AGENCY ACT**

43. Plaintiff incorporates paragraphs 1-32.

44. Defendant is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

45. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**
>
> **. . . No debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be**

**unlawful practice.**

46. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## CLASS ALLEGATIONS

47. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant filed or caused to be filed a lawsuit in Illinois (c) to collect a debt involving the sale or lease of goods (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning five years prior to the filing of this action and ending 20 days after the filing of this action.

48. The class is so numerous that joinder of all members is not practicable.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the Collection Agency Act.

50. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Compensatory and punitive damages;

(2) Costs.

(3) Such other and further relief as is appropriate.

**COUNT III – ILLINOIS CONSUMER FRAUD ACT**

53. Plaintiff incorporates paragraphs 1-32.

54. Defendant engaged in unfair and deceptive acts and practices, in violation of 735 ILCS 505/2, by threatening and filing suits on time-barred debts.

55. Defendant engaged in such conduct in the course of trade and commerce.

56. Defendants engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

**CLASS ALLEGATIONS**

57. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom Palisades Collection, LLC filed or caused to be filed a lawsuit in Illinois (c) to collect a debt involving the sale or lease of goods (d) more than four years after the later of default, repossession or charge off, (e) which lawsuit was pending at any time during a period beginning 3 years prior to the filing of this action and ending 20 days after the filing of this action.

58. The class is so numerous that joinder of all members is not practicable.

59. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants attempt to collect time-barred debts.

60. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

61. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

62. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant:

(1) Declaring that the purported debts are time-barred;

(2) Enjoining defendants from instituting or threatening suit to collect such debts;

(3) Requiring defendants to notify the class of the judgment;

(4) For costs of suit;

(5) For such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis A. Greene
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20952\Pleading\Complaint drafted by DAe_Pleading.wpd